IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KENNETH R. MESSER and )
PATRICIA L. MESSER, )
                                      )
   Plaintiffs, )
                                      )
v. )   Civil No. 3:03-0919
                                      )   Judge Trauger
NISSAN NORTH AMERICA, INC., and )
NISSAN MOTOR MANUFACTURING )
CORPORATION, U.S.A., )
                                      )
   Defendants. )

## **MEMORANDUM and ORDER**

      Pending before the court is the defendant's Motion for Summary Judgment. (Docket No. 26) Plaintiffs' counsel was allowed to withdraw on April 19, 2005 (Docket No. 23), and the plaintiffs have failed to secure new counsel. On September 23, 2005, the court issued an Order that very clearly informed the plaintiffs that they must file a response to the pending Motion for Summary Judgment by October 17, 2005 or risk having the motion granted against them. No response has been filed.

      This case has been pending in this court since its removal from state court on October 2, 2003. (Docket No. 1) The case proceeded through discovery and, in seeking to withdraw from the case, plaintiffs' counsel informed the plaintiffs that he was "unable to establish liability" and saw "no way to prove that a brush guard was on the Nissan vehicle at the time you fell from the hauler." (Docket No. 22, Attach.) An unsuccessful mediation was held with a private mediator on December 22, 2004. (Docket No. 25)

      The court may not grant summary judgment simply on the basis that the adverse party has failed to respond. The court must review the motion and determine whether the movant has carried

1

its burden to establish the absence of a genuine issue as to every material fact. *Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P 56(c)*. To prevail, the moving party must meet the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the court must view the factual evidence and draw reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 89 L. Ed 2d 538, 106 S. Ct. 1348 (1986); *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "The court's function is not to weigh the evidence and determine the truth of the matters asserted, 'but to determine whether there is a genuine issue for trial.'" *Little Caesar Enters., Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)). If the nonmoving party, however, fails to make a sufficient showing on an essential element of the case with respect to which the nonmoving party has the burden, the moving party is entitled to summary judgment as a matter of law. *See Williams v. Ford Motor Co.*, 187 F.3d 533, 537-38 (6th Cir. 1999).

To preclude summary judgment, the nonmoving party "is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." *Gaines v. Runyon*, 107 F.3d 1171, 1174-75 (6th Cir. 1997). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Shah v. Racetrac*

*Petroleum Co.*, 338 F.3d 557, 566 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252). The nonmoving party must show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.

The court should also consider whether the evidence presents "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52). "There is no genuine issue for trial unless the nonmoving party has produced enough evidence for a jury to be able to return a verdict for that party." *Tinsley v. General Motors Corp.*, 277 F.3d 700, 703 (6th Cir. 2000). If the evidence offered by the nonmoving party is "merely colorable," or "is not significantly probative," or enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted. *Anderson*, 477 U.S. at 249-52. "A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Hill v. White*, 190 F.3d 427, 430 (6th Cir. 1999) (citations omitted).

The court finds that the defendant has carried its burden on this motion and the plaintiff has not. Not only has the plaintiff failed to put forth any evidence that the brush guard in question was defective, but he has failed to put forth any evidence, other than his bare assertion, that there even was a brush guard on the subject vehicle. There is no genuine issue here to be tried by a jury.

For these reasons, the defendant's Motion for Summary Judgment (Docket No. 26) is **GRANTED**, and this case is **DISMISSED**.

It is so **ORDERED**.

ENTER this 3rd day of November 2005.

_____
ALETA A. TRAUGER
U.S. District Judge